UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE: VACANT PROPERTY<br>633 Main Street, Old Town, ME 04468 |
| **Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele**<br>**Cavalry SPV I, LLC** | Mortgage:<br>March 31, 2007<br>Book 10902, Page 73 |
| **Defendants** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele and Cavalry SPV I, LLC, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Michael A. Steele, is the obligor

and the total amount owed under the terms of the Note is Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 5600 Granite Parkway, Plano, TX 75024.

5. The Defendant, Michelle L. Denning a/k/a Michelle Brunton, is a resident of South China, County of Kennebec and State of Maine.

6. The Defendant, Michael A. Steele, is a resident of Old Town, County of Penobscot and State of Maine.

7. The Defendant, Cavalry SPV I, LLC is a limited liability company formed and with a principal place of business in the State of Delaware.

## FACTS

8. On February 9, 2005, by virtue of a Warranty Deed from Michael A. Steele, which is recorded in the Penobscot County Registry of Deeds in **Book 9763, Page 91**, the property situated at 633 Main Street, City/Town of Old Town, County of Penobscot, and State of Maine, was conveyed to Michael A. Steele and Michelle L. Denning, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On March 31, 2007, Defendant, Michael A. Steele, executed and delivered to Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage a certain Note under seal in the amount of $132,500.00. *See* Exhibit B (a true and correct copy of the Lost Note Affidavit and the Note are attached hereto and incorporated herein).

10. To secure said Note, on March 31, 2007, Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele executed a Mortgage Deed in favor of Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage, securing the property located at 633 Main Street, Old Town, ME 04468 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10902**, **Page 73**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated February 27, 2020 and recorded in the Penobscot County Registry of Deeds in **Book 15678**, **Page 85**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On January 7, 2021, the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

14. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

18. The total debt owed under the Note and Mortgage as of June 11, 2021 is Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17) Dollars, which includes:

    | Description | Amount |
    | --- | --- |
    | Principal Balance | $117,050.29 |
    | Interest | $45,857.89 |
    | Escrow Advance | $25,017.96 |
    | Lender Paid Expenses | $13,168.28 |
    | Deferred Late Fees | $1,566.75 |
    | Grand Total | $202,661.17 |

19. Upon information and belief, the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are not presently in possession of the subject property originally secured by the Mortgage.

20. The Defendant, Cavalry SPV I LLC is a Defendant due to a Writ of Execution in the amount of $2,161.34 and other amounts due recorded at the Penobscot Registry of Deeds in Book 10197, Page 155, which upon information and belief has been paid in full and should have been discharged.

## COUNT I – FORECLOSURE AND SALE

21. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 633 Main Street, Old Town, County of Penobscot, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

24. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of June 11, 2021 is Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $117,050.29 |
| Interest | $45,857.89 |
| Escrow Advance | $25,017.96 |

| | |
|---|---:|
| Lender Paid Expenses | $13,168.28 |
| Deferred Late Fees | $1,566.75 |
| Grand Total | $202,661.17 |

27. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

29. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, on January 7, 2021, evidenced by the Certificate of Mailing. *See* Exhibit E.

30. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On March 31, 2007, the Defendant, Michael A. Steele, executed under seal and delivered to Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage a certain Note in the amount of $132,500.00. *See* Exhibit B.

33. The Defendant, Michael A. Steele, is in default for failure to properly tender the July 1, 2015 payment and all subsequent payments. *See* Exhibit E.

34. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael A. Steele.

35. The Defendant, Michael A. Steele, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Michael A. Steele's breach is knowing, willful, and continuing.

37. The Defendant Michael A. Steele's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of June 11, 2021, if no payments are made, is Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $117,050.29 |
| Interest | $45,857.89 |
| Escrow Advance | $25,017.96 |
| Lender Paid Expenses | $13,168.28 |
| Deferred Late Fees | $1,566.75 |
| Grand Total | $202,661.17 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Michael A. Steele, entered into a written contract with Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage who agreed to loan the amount of $132,500.00 to the Defendant. *See* Exhibit B.

42. As part of this contract and transaction, the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage, and has performed its obligations under the Note and Mortgage.

44. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2015 payment and all subsequent payments. *See* Exhibit E.

45. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael A. Steele.

46. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

a) The Defendant, Michael A. Steele, is indebted to Federal National Mortgage Association in the sum of Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant. This action <u>does not</u> seek any personal liability on the part of the Defendant, Michelle L. Denning a/k/a Michelle Brunton, but only seeks *in rem* judgment against the property;

47. Defendants Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele's breach is knowing, willful, and continuing.

48. Defendants Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of June 11, 2021, if no payments are made, is Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $117,050.29 |
| Interest | $45,857.89 |
| Escrow Advance | $25,017.96 |
| Lender Paid Expenses | $13,168.28 |
| Deferred Late Fees | $1,566.75 |
| Grand Total | $202,661.17 |

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Michael A. Steele, $132,500.00. *See* Exhibit B.

53. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are in default for failure to properly tender the July 1, 2015 payment and all subsequent payments. *See* Exhibit E.

54. As a result of the Defendants Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Federal National Mortgage Association.

55. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Michael A. Steele, $132,500.00. *See* Exhibit B.

58. The Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, have failed to repay the loan obligation.

59. As a result, the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Saxon Mortgage, Inc. d/b/a Saxon Home

Mortgage by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a)  Issue a discharge of the Writ of Execution held by Cavalry SPV I, LLC recorded in the Penobscot Registry of Deeds Book 10197, Page 155.

b) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

c) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

d) Find that the Defendant, Michael A. Steele, is in breach of the Note by failing to make payment due as of July 1, 2015, and all subsequent payments;

e) Find that the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are in breach of the Mortgage by failing to make payment due as of July 1, 2015, and all subsequent payments;

f) Find that the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2015 and all subsequent payments;

h) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

k) Find that the Defendant, Michael A. Steele, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received; this action <u>does not</u> seek any personal liability on the part of the Defendant, Michelle L. Denning a/k/a Michelle Brunton, but only seeks *in rem* judgment against the property;

l) Find that the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, are liable to the Plaintiff for quantum meruit;

m) Find that the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, have appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, Michelle L. Denning a/k/a Michelle Brunton and Michael A. Steele, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Two Hundred Two Thousand Six Hundred Sixty-One and 17/100 ($202,661.17 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: July 28, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com