## AFFIDAVIT OF LOST NOTE

STATE OF OREGON
COUNTY OF WASHINGTON



1. Affiant is an employee of Seterus, Inc., (servicer), the mortgage servicer for the Plaintiff, Federal National Mortgage Association, who is the owner/holder of the note and mortgage herein. Seterus, as part of its normal servicing operations, maintains various business records including, but not limited to, loan-related documentation and records from the note and mortgage owner's prior loan servicers. These records are maintained by Seterus in the course of its regularly conducted business activities. Affiant has actual and personal knowledge of the facts stated herein and is authorized to make this Affidavit.
2. To the best of Seterus' knowledge, the Note was not paid, satisfied, pledged, transferred, or lawfully seized.
3. Based on review of the file, inquiries, and information provided to Seterus, the Original Note for the current case was last transferred between the prior servicer, RCS and Federal National Mortgage Association on or about 09/01/2014. Seterus has been made aware that neither of those parties is able to provide the whereabouts of the Note. The original Note was not delivered to Seterus.
4. Federal National Mortgage Association are the only persons known who have an interest regarding the enforcement of the subject note.
5. Seterus has undertaken the following steps to ascertain the current whereabouts of the original Note, including:
    a. Requested current counsel, Doonan, Graves & Longoria, LLC to conduct a review of their records to determine if the original Note was in their possession;
    b. Made an inquiry of Plaintiff's custodian, Bank of New York, the collateral-document custodian for the owner of the Note and mortgage herein;
    c. Made inquiry of employees charged with custodial responsibilities as to the current or potential whereabouts of the original Note;
    d. Made inquiry of the prior servicer regarding the location of the original note and mortgage.
   Based upon these inquiries, Seterus cannot determine the original Note's whereabouts.
6. Seterus has received what is represented as a substantial, true and correct copy of the Note together with any allonges to the Note, from the seller/prior servicer, which is attached hereto.
7. Based on the information provided to Seterus by the seller/prior servicer and the owner/holder,, the following are the terms of the Note:

EXHIBIT B

      a. Date of Execution: March 31, 2007
      b. Amount of Note: $132,500.00
      c. Interest Rate: 6.500%
      d. Property Address: 633 Main Street, Old Town, Maine 04468

8. Fannie Mae agrees to indemnify and hold borrower(s) harmless from any and all damages and costs, including reasonable attorney's fees, which may result by reason of a third party presenting the note and attempting to enforce against the borrower following a judgment in this matter provided the borrower gives notice to Fannie Mae within ninety (90) days of a claim or its awareness of a potential claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Fransiska Somadi, Affiant
Title: Collateral Control Team Lead

BEFORE ME, the undersigned authority, personally appeared Fransiska Somadi, who, being first duly sworn, deposes and states the above is true and correct under penalty of perjury:

Sworn to and subscribed before me this
25th day of January, 2018.

_____
NOTARY PUBLIC, STATE OF __Oregon____
Commissioned Name of Notary Public
Personally known _X_ or produced identification ____
Type of Identification Produced _____

OFFICIAL STAMP
TANIS LEE LEFORS
NOTARY PUBLIC - OREGON
COMMISSION NO. 932306
MY COMMISSION EXPIRES OCTOBER 07, 2018

Borrower: MICHAEL A. STE̶̶

# NOTE

March 31, 2007　　　　　　　　　　OLD TOWN　　　　　　MAINE
　　　　　　　　　　　　　　　　　　　　[City]　　　　　　　　　[State]

663 MAIN STREET
OLD TOWN, MAINE 04468
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 132,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is SAXON MORTGAGE, INC. D/B/A SAXON HOME MORTGAGE. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on May 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 961105, Fort Worth, TX 76161-0105 or at a different place if required by the Note Holder.

MAINE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3220 1/01
ge 1 of 4 Pages)

INITIALS: _MAS_

Data ID: 919

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 837.49.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**MAINE FIXED RATE NOTE** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3220  1/01
(Page 2 of 4 Pages)

INITIALS: _M A S_

Data ID: 919

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any Interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

**MAINE FIXED RATE NOTE** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3220  1/01
(Page 3 of 4 Pages)

INITIALS: _MAS_

Data ID: 919

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

..............*Michal A. Steel*..............(Seal)
MICHAEL A. STEELE —Borrower

*[Sign Original Only]*

Without Recourse
Pay to the Order of

Saxon Mortgage, Inc.

By: _____
Kim Cline, Assistant Vice-President

MAINE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3220  1/01
*(Page 4 of 4 Pages)*